## Bowman v. Bowman

*Gailey C. Keller,* for plaintiff.
*Thomas J. Evans,* for defendant.

GARDNER, *P.J.,* 44th Judicial District, Specially Presiding, December 20, 1978—In response to a rule caused to be issued by defendant, plaintiff filed a bill of particulars to which defendant has petitioned for more specificity.

Defendant argues that plaintiff's bill fails to state "times, places and specific character of the matters referred to."

Plaintiff avers that in the 20-year period beginning in 1953 and continuing until April 1973, defendant abused drugs requiring a hospital commitment, failed to perform household duties, belittled plaintiff, falsely accused plaintiff of "unfaithfulness," publicly used obscenities directed to plaintiff, falsely accused plaintiff of forcing defendant to perform oral sex, verbally "abused" friends and family, was extravagant, and, from 1971 to 1973, refused affection to and sexual relations with plaintiff.

Although oral argument on defendant's petition

was held, the court has not been favored with any briefs or memoranda, nor have counsel engaged in any self help in the form of discovery, formal or informal.[1]

Our research discloses no Pennsylvania appellate decisions concerning the sufficiency of a bill of particulars. There are a number of common pleas cases, and from them the rule appears to be that the "times, places, and particulars" of the conduct asserted against defendant must be alleged: 3 Goodrich-Amram 2d, §1128(a):1; 2 Freedman, Law of Marriage and Divorce in Pennsylvania, §579 et seq. (2d ed.)

However, in the instant case, courses of conduct are alleged. We agree with the Court of Common Pleas of Luzerne County that exact times and places in such instances may not be critical: Kocher v. Kocher, 29 Luz. 476 (1935); Kwiatkowski v. Kwiatkowski, 65 Luz. 23 (1974).

We believe the bill of particulars as filed in this case to be sufficiently specific to allow defendant to prepare herself for hearing.


## ORDER

And now, December 20, 1978, for the reasons set forth in the opinion of even date herewith filed in the above-captioned matter, it is ordered that the rule granted June 28, 1978, be and the same is hereby discharged.

---

1. We are aware that at least one common pleas judge has concluded that there may be no discovery in divorce: Snyder v. Snyder, 41 D. & C. 2d 547 (1967). Even if this is correct, although we have doubt, a simple telephone conversation between counsel often reveals much.